[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 15, 1997
This is an action against a private manufacturer to recover wages for work performed by prison inmates in the manufacture of baseball caps. The amended complaint dated May 11, 1994 contains fifteen counts, the first fourteen on behalf of different named inmates, the fifteenth for inmates as a class.
The typical count alleges that the Defendant entered into a contract with the Department of Corrections to use inmate labor pursuant to General Statutes § 18-90b; that under the statute CT Page 7889 inmates participating in the program were not to be paid less than "the prevailing wage for work of similar nature in private industry;" that the particular inmate worked but was paid less than the prevailing wage; and that the Department of Corrections was permitted to deduct from inmates' wages 20% for "room and board" which Defendant wrongfully paid. The only claim for relief is "monetary damages."
On July 3, 1995, Plaintiffs filed a claim for jury trial.
On February 25, 1995, Defendant had first moved for Summary Judgment followed by this amended motion dated May 2, 1996. On May 2, 1996 Defendant also moved to strike the claim for jury trial.
In its amended motion for Summary Judgment Defendant claims that General Statutes § 18-90b entitled "Pilot program for inmate labor in private industry" does not permit a private cause of action by an inmate, but was intended to protect private business from competition from goods made with inexpensive convict labor. As to Plaintiffs' claims for improper deductions, Defendant argues it is not the proper party and has no liability.
In their written objection dated June 23, 1997 to the motion for Summary Judgment, Plaintiffs concede that Defendant is not the proper party to seek reimbursement for deductions for "room and board." They do not claim that § 18-90b authorized a private cause of action but assert that this action is not based on the statute but is an action at "common law" to collect wages for work performance. They argue that the statute is implicated only because it authorized the Commissioner of Correction to establish the inmate work program and "required that the wages paid to participants be the same as those paid in private industry."
Practice Book § 384 provides for the rendering of Summary Judgment if the pleadings, affidavits and any other proof submitted show there is no issue of material fact and that the moving party is entitled to judgment as a matter of law.
It is clear from the language of the statute and its legislative history that § 18-90b does not authorize a private action by an inmate and Plaintiffs do not claim that it does. Although the complaint has all the trappings and references of a statutory action, Plaintiffs now claim that the action is CT Page 7890 based on common law. Plaintiffs have cited no authority establishing or defining the elements of such a common law action and it is difficult to see how a common law action may be maintained by inmates who would have no right to work for wages in the absence of this statute's authority.
Moreover, the weight of authority seems to hold that such action does not exist in favor of prison inmates. Most courts have declined to extend wage/hour protection to prisoners who work in prison on the basis that inmates are not employees for purposes of the Fair Labor Standards Act. See Leader, Wages andHours Law Practice Matthew Bender (1997) § 201(A)1, Note 13. In dismissing an action similar to the present one brought against state officials a U.S. District Court in Minnesota held that inmates working in prison are not employees protected by minimum wage provisions stating that "any compensation for their labor is by grace of the state" McMaster v. Minnesota, et al.,819 F. Sup. 1429 (1993). See also 8 CJS Convicts, § 15.
In the absence of statutory authority general principles of employment law would require the existence of an agreement to recover wages higher than those actually paid. Bakaly GrossmanThe Modern Law of Employment Relationships, Aspen (1997) § 6.1; 30 CJS 204 "Employer-employee relationships § 132; 27 Am.Jur.2d 599 (Employment relationships § 55). No agreement or contract, oral or written, relating to wages has been produced or alleged by Plaintiffs, except for a "statement of Inmate Worker Understanding" for each plaintiff which details the authorized deductions from wages but contains nothing about the rate of compensation and is nothing more than the inmate's statement of voluntary participation in the work program.
While some authority exists for a common law action to recover the reasonable value of labor services, Plaintiffs have not made such a claim and there appears to be no authority making such an action available to inmates. See 30 CJS 237, ("Employer-employee relationships § 163(2)).
Because Plaintiffs have not asserted a maintainable cause of action which could result in liability of the Defendant, the Defendant's motion for Summary Judgment is granted.
Accordingly it is not necessary to consider Defendant's motion to strike the Jury claim. CT Page 7891
WAGNER, J.